M.K.B., O.P., L.W., M.A., Marieme Diongue, M.E., P.E., Anna Fedosenko, A.I., L.A.M., L.M., Denise Thomas, and J.Z., on their own behalf, and on behalf of their minor children and all others similar situated, Plaintiffs,

v.

Verna EGGLESTON, as Commissioner of the New York City Human Resources Administration; Robert Doar, as Commissioner of the New York State Office of Temporary and Disability Assistance; and Antonia C. Novello, as Commissioner of the New York State Department of Health, Defendants.

No. 05 Civ. 10446(JSR).

United States District Court,
S.D. New York.

Feb. 15, 2006.

Caroline Jane Hickey, Jane Greengold Stevens, Yisroel Schulman, New York Legal Assistance Group, Jennifer Baum, Scott Alan Rosenberg, Steven R. Banks, The Legal Aid Society, Ronald Abramson, Russell Winston Jacobs, Hughes Hubbard & Reed LLP, New York City, Elizabeth Sykes Saylor, The Legal Aid Society, Brooklyn, NY, for Plaintiffs.

Robert Lewis Kraft, Office of the Attorney General, New York State, New York City, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Pending before the Court is the motion of defendant Verna Eggleston (the "City Defendant") to disqualify plaintiffs' counsel, as well as various paralegal assistants and interns in plaintiffs' counsel's firms, and to prohibit Reena Ganju, Esq., who represented some of plaintiffs in prior, related actions, from testifying in this action. Defendants Doar and Novello (the "State Defendants") join the motion in certain respects.

■ The defendants argue that plaintiffs' counsel, their paralegals and interns, and Ms. Ganju, all of whom had submitted declarations based on personal knowledge in support of plaintiffs' motion for a preliminary injunction, are essential fact witnesses, particularly in connection with plaintiffs' "Monell" claim that defendants have a policy or practice of erroneously denying benefits to plaintiffs and members of the purported class. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). On this premise, defendants argue that plaintiffs' counsel and their paralegals and interns should be disqualified from representing plaintiffs, and that Ms. Ganju should be disqualified from testifying on plaintiffs' behalf, pursuant to the so-called "advocate-witness rule." That rule "generally instruct[s] counsel to avoid the risks associated with participating as both advocate and witness in the same proceeding." Kalina v. Fletcher, 522 U.S. 118, 130, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Among other things, the rule seeks to avoid the confusion and prejudice that may result where a testifying lawyer may have to offer arguments about his own credibility, or where adversary counsel may have to cross-examine the testifying counsel, or where there may be an implication that the testifying lawyer is lying to benefit his client. See Ramey v. Dist. 141 Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 282 (2d Cir.2004).

In this District, the Court applies the version of the advocate-witness rule embodied in Disciplinary Rule 5–102 of the New York Code of Professional Responsibility. See S.D.N.Y. Local Civil Rule 1.5(b)(5). Rule 5–102 provides as follows:

(a) A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought be called as a witness on a significant issue on behalf of the client, except that the lawyer may act as an advocate and also testify:

(1) If the testimony will relate solely to an uncontested issue.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the lawyer's firm to the client.

(4) As to any matter, if disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as a counsel in the particular case.

(b) Neither a lawyer nor the lawyer's firm shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or another lawyer in the lawyer's firm may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client.

(c) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal, except that the lawyer may continue as an advocate on issues of fact and may testify in the circumstances enumerated in paragraphs (a)(1) through (4) of this section.

(d) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial tot he client at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.

22 N.Y.C.R.R. § 1200.21 (2006).

 On its face, the rule has no applicability to a lawyer like Ms. Ganju who is not appearing for any party in this case—let alone to non-lawyers such as paralegals and interns—and defendants have not cited to any other rule that would warrant restrictions either on Ms. Ganju or the paralegals and interns. It is true that Ms. Ganju, while employed as a lawyer at Sanctuary for Families, previously represented some of the named plaintiffs and other proposed class members in connection with their efforts to obtain benefits administered by the New York City Human Resources Administration, of which defendant Eggleston is the Commissioner, *see* Declaration of Reena Ganju, dated Feb. 13, 2006 ("Ganju Decl. III") at ¶¶ 3–4. But, as noted, Ms. Ganju does not presently represent any of the named plaintiffs or proposed class members in any capacity and has never appeared as counsel in this action. *See id.* at ¶¶ 6–8. As for the paralegals and interns, they are in principle no different from the office investigators that law firms typically call to testify to disputed facts.

 The fact that Ms. Ganju is free to testify is significant because plaintiffs' counsel and Ms. Ganju have both represented that Ms. Ganju can testify to most, if not all, of the relevant facts that plaintiffs' attorneys might testify to. *See* transcript, 2/2/06, at 35; Declaration of Reena Ganju, dated Dec. 12, 2005 ("Ganju Decl. I") at ¶¶ 8–117; Declaration of Reena Ganju, dated Jan. 31, 2006 ("Ganju Decl. II") at ¶¶ 3–20, 22–25; Ganju Decl. III at ¶ 4. In addition to Ms. Ganju's testimony, plaintiffs represent that their *Monell* claims can also be proved through documentary evidence, deposition testimony, testimony of defendants' employees, and

testimony of plaintiffs themselves. Based on what the Court already knows about this case, it is apparent to the Court that the testimony of plaintiffs' counsel will be, at best, merely cumulative to such other evidence and that plaintiffs will be in no way prejudiced by not being able to call their counsel to the stand. Nor is there any reason to believe that the testimony of plaintiffs' counsel is necessary or material to the defense.

The Court cannot but take note that plaintiffs' counsel in effect invited this motion by submitting affidavits averring on personal knowledge numerous facts regarding the underlying claims. Even in the special circumstances of an application for emergency relief, this was inappropriate, and any further such confusion of roles will invite discipline. But this limited misstep hardly warrants the drastic remedy of disqualification.

Accordingly, for the foregoing reasons, the Court hereby denies the instant motion in its entirety.

SO ORDERED.